WHITAKER v. WHITAKER et al.

No. 32043. March 26, 1946.

Rehearing Denied April 16, 1946.

167 P. 2d 895.

A. C. Sewell and Charles B. Tucker, both of McAlester, for plaintiff in error.

Hulsey & Hulsey, of McAlester, for defendants in error Gertrude L. Whitaker and J. A. Whitaker.

Geo. L. Hill, of McAlester, for defendant in eror Elmer E. Whitaker.

RILEY, J. Plaintiff in error commenced this action against Elmer E. Whitaker, Clara Whitaker, Irene Whitaker Kirschbaum, Aetna Casualty & Surety Company, and Travelers Insurance Company. Plaintiff sought to have title to two-thirds' interest in lots 17 and 18 in Township Addition No. 4, Pittsburg county, quieted in him; plaintiff sought judgment against defendant Elmer E. Whitaker for $780 rent and for partition of the property. Aetna Casualty & Surety Company and Travelers Insurance Company answered The other three defendants answered denying plaintiff's right to relief and pleaded that J. A. Whitaker and Gertrude L. Whitaker claimed an interest in the premises involved. Thereupon plaintiff obtained leave of court to withdraw the allegations in his petition that defendant Elmer E. Whitaker owned a

one-third interest in the property, and to file an amended petition making J. A. Whitaker and Gertrude L. Whitaker parties defendent.

Plaintiff Chester A. Whitaker and defendant Elmer E. Whitaker are brothers; J. A. Whitaker and Gertrude L. Whitaker are husband and wife and parents of Chester A. and Elmer E. Whitaker; Irene Whitaker Kirschbaum is the daughter of defendant Elmer E. Whitaker; the record does not disclose the relationship of defendant Clara Whitaker.

Amended petition was filed making J. A. and Gertrude L. Whitaker parties defendant. Plaintiff pleaded that he was the sole owner and entitled to immediate possession of the property. He deraigned his title from the Choctaw and. Chickasaw Indian Tribes through mesne conveyances to J. A. Whitaker. He alleged that about May 1, 1934, in order to enable Elmer E. Whitaker to qualify as surety on appearance bond in the Federal court, J. A. and Gertrude L. Whitaker, with the specific agreement of Elmer E. Whitaker to reconvey to said J. A. and Gertrude L. Whitaker, conveyed the land to Elmer E. Whitaker; that Elmer E. Whitaker was released as surety on said bond in 1935; that on January 10, 1936, Elmer E. Whitaker reconveyed to J. A. and Gertrude L. Whitaker an undivided one-third interest in the property, and on the same date, at the instance and request of J. A. and Gertrude L. Whitaker, Elmer E. Whitaker deeded to plaintiff an undivided one-third interest in said property; but that Elmer E. Whitaker refused to deed back to J. A. and Gertrude L. Whitaker the other one-third interest; that Elmer E. Whitaker at no time had any right, title, or interest in the property other than the mere legal title. which he at all times held in trust for his father and mother, J. A. and Gertrude L. Whitaker; that thereafter, on July 27, 1943, J. A. and Gertrude L. Whitaker, for a good and valuable consideration, sold and conveyed to plaintiff an undivided one-third interest in the property, and on October 23, 1943, for a like consideration, sold and conveyed to plaintiff another one-third interest in said land, whereby plaintiff became the sole owner of the whole title; that Elmer E. Whitaker, Clara Whitaker, and Irene Whitaker Kirschbaum claim some right, title, or interest and their claim is a cloud upon plaintiff's title; that the three defendants are indebted to plaintiff in the sum of $455.98 as rental for the use of the property.

Plaintiff prayed that he be decreed the owner in fee simple of the property; for judgment against defendants Elmer E. Whitaker, Clara Whitaker, and Irene Whitaker Kirschbaum in the sum of $455.98 and for possession, and, in the alternative, for partition in the event the court should determine that any of the defendants have any interest in the property.

Defendants J. A. and Gertrude L. Whitaker, by their separate answers, admitted the deraignment of title as alleged in plaintiff's amended petition, including the deed which placed the title in J. A. Whitaker. They specifically denied that they ever intentionally executed the two deeds purporting to convey a one-third interest in said land to plaintiff, and specifically denied that they ever signed any instrument conveying said property, or any interest therein, to plaintiff, and that the land constituted their homestead. They specifically denied that they executed the deed dated May 1, 1934, conveying the property to Elmer E. Whitaker only to enable him to qualify on plaintiff's bond, and affirmatively alleged that they executed the deed to Elmer E. Whitaker in good faith for the reason that Elmer E. Whitaker had paid $5,000 of the purchase price of the property at the time they purchased it; that Elmer was permitting them to use the property, rent free. They sought cancellation of all outstanding deeds and quieting of title in them.

Defendants Elmer E. Whitaker, Clara Whitaker, and Irene Whitaker Kirschbaum filed their joint answer making

the same allegations concerning the execution of the deeds from J. A. and Gertrude L. Whitaker to plaintiff as were made in the answer of defendants, J. A. and Gertrude L. Whitaker, and substantially the same allegations with reference to the execution of the deed dated May 1, 1934, from J. A. and Gertrude L. Whitaker to Elmer, except that they allege that when J. A. Whitaker purchased the property in 1921, the purchase price was $7,500, of which J. A. Whitaker paid $2,000 and Elmer paid the balance, $5,500, and that although the legal title was placed in J. A. Whitaker, it was at the time of purchase orally agreed that Elmer had an interest in and a lien upon the premises to the extent of the $5,500 he had paid as a part of the purchase price, all of which was well known to plaintiff, and that it was further agreed and understood by all the parties, including plaintiff, that in case the property should be sold, Elmer E. Whitaker should be repaid the $5,500 out of the sale price; that it was in recognition of the greater interest that Elmer E. Whitaker had in the premises, and upon their own initiative and without influence by defendant Elmer E. Whitaker that defendants J. A. and Gertrude L. Whitaker conveyed, on May 1, 1934, the property to Elmer; that notwithstanding the conveyance, it was understood and agreed that the property was and should be the homestead of J. A. and Gertrude L. Whitaker so long as they should live; that defendant Elmer E. Whitaker has at all times indicated his willingness to reconvey the property to them; that he is now ready and willing to do so provided plaintiff will convey to them any interest he might have; that plaintiff wrongfully and fraudulently induced the father, who was aged and in ill health, to believe that defendant Elmer E. Whitaker was seeking to defraud the father out of the home, whereupon, in order to relieve the father's mind and show his good faith in the matter, defendant Elmer E. Whitaker executed the deeds conveying one-third interest in the property to plaintiff and a one-third interest to the father and mother;

that it was then agreed and understood by all parties that the conveyances were made so that the property could not be sold without the consent of all, and that upon the death of the father and mother, the property could be distributed with consideration of the interest of defendant Elmer E. Whitaker arising out of the amount he had paid as a part of the purchase price.

Plaintiff replied, asserting, among other things, that of the original $7,500 purchase price, J. A. Whitaker paid $4,500 and that the remaining $3,000 was paid by plaintiff, but that same was paid out of partnership funds belonging to plaintiff and defendant Elmer E. Whitaker, but that at the time Elmer E. Whitaker was indebted to J. A. Whitaker far in excess of the $1,500 furnished by defendant Elmer E. Whitaker and that plaintiff had in fact contributed $1,500 of the original price; that Elmer E. Whitaker had contributed nothing and that was the reason and consideration prompting defendants J. A. and Gertrude L. Whitaker to cause defendant Elmer E. Whitaker to deed the one-third interest in said premises to plaintiff, and that defendant Elmer E. Whitaker, having no equitable interest in the property, should have reconveyed the other two-thirds interest to J. A. and Gertrude L. Whitaker instead of retaining in himself a one-third interest.

The issues thus joined were tried to the court without a jury. The court made separate findings of fact and conclusions of law.

The trial court entered a decree canceling the deed of May 1, 1934, conveying the property from J. A. and Gertrude L. Whitaker to Elmer E. Whitaker; canceling the two deeds of July 27, 1943, and October 23, 1943, each conveying a one-third interest in the property from J. A. Whitaker and wife to plaintiff; decreeing that the property involved is solely owned by J. A. and Gertrude L. Whitaker and that the same is their homestead; denying both plaintiff and defendant Elmer E. Whitaker any in-

terest therein and quieting the title in J. A. and Gertrude L. Whitaker.

After the trial and before the appeal was perfected, defendant J. A. Whitaker died and the action was revived against the known heirs of J. A. Whitaker, other than plaintiff, and against his unknown heirs, executors, etc.

Plaintiff Chester A. Whitaker alone appeals.

Plaintiff sets up seven specifications of alleged error, but they are all presented under two propositions: (1) That the judgment should have been for the plaintiff as prayed in his amended petition; (2) if plaintiff is not entitled to recover as prayed in his amended petition, under the facts shown in the record he is entitled to a new trial.

Under plaintiff's own pleadings and evidence, he is not entitled to judgment as prayed in his amended petition. This lawsuit is clearly a family dispute wherein the two brothers were contending over a possible inheritance from their father, J. A. Whitaker, and their mother, Gertrude L. Whitaker.

Defendants Clara Whitaker and Irene Whitaker Kirschbaum made no claim whatever to any interest in the property and are not parties to the appeal.

There were but three principal witnesses, Chester A. Whitaker, Elmer E. Whitaker, and Gertrude L. Whitaker. As between plaintiff and defendant Elmer E. Whitaker, there is great conflict in the evidence. About the only things upon which they agree are that they are brothers and that the deed of May 1, 1934, whereby J. A. and Gertrude L. Whitaker conveyed the title to Elmer E. Whitaker, was executed for the sole purpose of enabling Elmer to qualify on an appearance bond for Chester. All the parties agree as to these facts and all apparently agree that all that defendant Elmer E. Whitaker acquired by said deed was the mere legal title and that the entire equitable and beneficial interest remained in J. A. Whitaker, and that it was understood that when Elmer E. Whitaker was released on the bond, he would convey said property to J. A. and Gertrude L. Whitaker. Therefore, it was entirely proper for the court to cancel that deed. Defendant Elmer E. Whitaker testified that he was willing that the deed be canceled and he appears to be satisfied with the judgment. It was the contention of plaintiff all the time that said deed conveyed only the bare legal title to the property to Elmer E. Whitaker. Yet plaintiff bases his title as to a one-third interest in the property on a deed from Elmer E. Whitaker to him, dated January 10, 1936. If, as contended by plaintiff, Elmer E. Whitaker never acquired any interest in the property by the deed of May 1, 1934, it follows that Elmer never owned the one-third interest which he attempted to convey to plaintiff, Chester A. Whitaker. If the deed from J. A. and Gertrude L. Whitaker to Elmer E. Whitaker conveyed valid title so as to give Elmer E. Whitaker authority to convey one-third interest to Chester A. Whitaker, then Elmer is still the owner of a one-third interest which he never conveyed. On the other hand, if the deed from J. A. and Gertrude L. Whitaker to Elmer conveyed only the bare legal title, the entire equitable or beneficial title remained in J. A. Whitaker, and plaintiff does not claim conveyance to him by J. A. and Gertrude L. Whitaker of more than a two-thirds interest. Therefore, it is clear that at the time of the trial, a one-third interest in the property was in either Elmer E. Whitaker or J. A. Whitaker. It cannot be possible that plaintiff is the sole owner of the entire interest in the property and the court did not err in denying plaintiff judgment as prayed in his amended petition.

As to the two-thirds interest claimed by plaintiff under the two deeds of July 27 and October 23, 1943, respectively, the court found that no consideration was paid by Chester A. Whitaker for either of said deeds. There is abundant evidence to sustain that finding. There is evidence tending to prove that plain-

tiff did, long prior to the execution of said deeds, pay $1,500 toward settlement of a mortgage indebtedness on the premises. There was no evidence whatever that such payment was taken into consideration in connection with the execution of the deeds. In fact, plaintiff in his reply relied upon the payment of that $1,500 as consideration prompting his father and mother to cause Elmer E. Whitaker to deed the one-third interest in the property to plaintiff.

The court further found:

"That because of the age and infirmities of said J. A. Whitaker and Gertrude L. Whitaker they did not know the consequences of their acts in executing said deeds and did not know they were passing title of their (home) to the said Chester A. Whitaker, and that they did not give to the said Chester A. Whitaker possession of their home, and the court further finds that said deeds should be canceled for want of consideration and for lack of capacity on the part of the said grantors to understand the nature and consequence of their acts in executing said deed; and that the said J. A. Whitaker was about 88 years of age and in very poor health, and the said Gertrude L. Whitaker was almost 83 years of age and in poor health and neither of them understood that they were passing title of their home, the property herein involved, to the said plaintiff, Chester A. Whitaker."

The evidence shows that defendant J. A. Whitaker was about 89 years of age at the time of the trial and was sick and unable to attend and he did not testify. Defendant Gertrude L. Whitker did testify. We deem it unnecessay to review her testimony in detail. It is sufficient to say that from her testimony as a whole it clearly appears that she was wholly unable to understand the nature and effect of the various transactions concerning which she testified. When questioned as to signing instruments presented to her by her sons, she answered: "I don't remember it; I guess I signed everything they brought". She testified quite positively that she always regarded the property as her home and that she never intended for Chester to have the home to the exclusion of the other children. True, her testimony was given about one year after she signed the two deeds, but there is testimony concerning the mental condition of both J. A. Whitaker and Gertrude L. Whitaker in July and October, 1943, to the effect that they might sign instruments and one hour thereafter they would not remember anything about it; that they both had wavering minds and had been in that condition for two or three years; that they were easily influenced by their sons and especially Chester and that they would sign anything presented to them by him. The record as a whole fully supports the findings of the trial court and we cannot say that the findings and judgment are clearly against the weight of the evidence.

The trial court found that the property here involved was in fact the homestead of J. A. and Gertrude L. Whitaker, notwithstanding they had been living in the house owned by plaintiff Chester A. Whitaker. If it was the homestead, even though J. A. Whitaker was mentally competent to sign the deeds involved, they would be invalid to convey any interest in the premises unless his wife, Gertrude L. Whitaker, was mentally competent and did knowingly sign the deeds. From all the evidence, the view of the trial court that both were mentally incompentent is not clearly against the weight of the evidence.

The decree quiets title in J. A. and Gertrude L. Whitaker, husband and wife. This is not entirely justified by the record. Before the deed of May 1, 1934, to Elmer E. Whitaker, the title was in J. A. Whitaker and nowhere does it appear that he ever conveyed any interest to his wife, Gertrude L. Whitaker, or that she had any interest therein except the homestead rights. The decree should have quieted the title in J. A. Whitaker subject only to the homestead rights of his wife, Gertrude L. Whitaker. The decree should be, and is

hereby, modified accordingly, and as modified, the judgment is affirmed.

GIBSON, C. J., HURST, V. C. J·, and OSBORN, BAYLESS, and WELCH, JJ., concur. CORN and DAVISON, JJ., dissent.